David Patrick RAMIREZ,
Petitioner–Appellant,

v.

Terry L. STEWART, Director; et
al., Respondents–Appellees.

No. 03–16113.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 14, 2004.*

Decided Oct. 29, 2004.

Martin Lieberman, Esq., Phoenix, AZ,
for Petitioner–Appellant.

David Patrick Ramirez, Douglas, AZ,
Joseph T. Maziarz, DAG, Office of the
Arizona Attorney General, Phoenix, AZ,
for Respondents–Appellees.

Before OAKES,** KLEINFELD, and
CALLAHAN, Circuit Judges.

MEMORANDUM ***

David Patrick Ramirez appeals the district court's denial of his petition for habeas corpus. We review the district court's decision *de novo* and may affirm on any ground supported by the record, even if it differs from that relied on by the district court. *See Downs v. Hoyt,* 232 F.3d 1031, 1036 (9th Cir.2000).

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable James L. Oakes, Senior Circuit Judge of the United States Court of Appeals for the Second Circuit, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Ramirez's habeas petition raises nine claims that he previously asserted in state court when seeking post-conviction relief in that venue. The petition also includes two more claims: a tenth claim that Ramirez was entitled to an evidentiary hearing on the first nine claims; and an eleventh claim relating to expert testimony. The district court, adopting the recommendation of a magistrate judge, concluded that Ramirez had failed to present claims 1,2,5,7,8,10 and 11 to the state court as federal constitutional claims and thus was procedurally barred from raising them in his habeas petition. The district court further concluded that claims 3,4,6, and 9 should be dismissed on the merits; with no viable claims remaining, the court then denied Ramirez's habeas petition. We granted a certificate of appealability as to the procedurally barred claims.

■ With respect to claims 2 and 5, the respondent concedes that these claims were adequately presented as federal constitutional claims in the state court. Claim 2, however, is essentially the same as claim 4, which was dismissed by the district court on the merits. We therefore affirm the dismissal of claim 2.

■ The respondent argues that claim 5 is procedurally defaulted because the state court found the claim precluded for failure to raise it on direct appeal. The respondent makes the same argument with respect to claims 1 and 8. The district court was not persuaded that these claims were procedurally defaulted, finding that the state court's assertion of preclusion was "hopelessly intertwined with a ruling on the merits" on each claim. The state court's post-conviction ruling, however, in addition to reasoning on the merits of each claim, expressly states that each of these claims was precluded for failure to raise the issue on appeal. In light of such clear alternative rulings, we find that claims 1,5 and 8 are procedurally defaulted. *See Harris v. Reed,* 489 U.S. 255, 264 n. 10, 109 S.Ct. 1038, 103 L.Ed.2d 308 (1989) (finding that reconsideration on habeas is curtailed "as long as the state court explicitly invokes a state procedural bar rule as a separate basis for decision"). Accordingly, we affirm the dismissal of these claims.

■ We agree with the district court's conclusion that claims 7, 10, and 11 were not adequately presented to the state court as federal constitutional claims, and affirm their dismissal on that basis.

In sum, we affirm the dismissal of claims 1,2,5,7,8,10 and 11 by the district court and agree with its judgment that Ramirez's habeas petition must be denied.

AFFIRMED.